UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
:
:
CARMEN LOPEZ, :
: **ORDER DENYING MOTION**
Petitioner, : **TO AMEND SENTENCE**
:
-against- : 10 Civ. 1394 (AKH)
: 03 Cr. 368 (AKH)
:
UNITED STATES OF AMERICA, :
:
Respondent. :
:
:
-------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

      Petitioner Carmen Lopez moves for a reduction of her sentence based on the recent death of her son. For the reasons stated below, the motion is denied.

      On January 9, 2009, Lopez was sentenced to 108 months' imprisonment for a drug trafficking charge, and 36 months for a bail violation, with the sentences to be served concurrently. On February 2, 2010, she petitioned for a writ of habeas corpus and that petition is pending before me. Based on a previous order regulating proceedings, the Government is scheduled to oppose the petition by August, 13, 2010, and Lopez's traverse, if any, is due September 10, 2010.

      On July 2, 2010, Lopez sent a letter to Chambers, styled as a "Motion for Emergency Leave or Reconsideration of a Downward Departure on Extreme Circumstances." In the letter, Lopez states that on July 4, 2010 her son suffered a gunshot wound to the neck and was in serious condition. By letter dated July 13, 2010, she informed Chambers that her son died of his wounds. In light of this tragedy, she asks for a downward departure.

It is well-established that a court "may not generally modify a term of imprisonment once it has been imposed." Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007); see United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009) ("Congress has authorized courts to modify a term of imprisonment only in limited circumstances."). Although Petitioner does not identify the statutory basis for her motion, I construe it as a motion under 18 U.S.C. § 3582. That section provides that a court may modify a previously-imposed sentence for "extraordinary and compelling reasons" only "upon motion of the Director of the Bureau of Prisons," and provided that such reduction is consistent with Sentencing Commission's policy statements. Id. § 3582(c)(1). A court may also modify a sentence if it is proper to do so under Rule 35 of the Federal Rules of Criminal Procedure.[1] Id. § 3582(c)(1)(B).

Neither § 3582(c)(1) nor Rule 35 applies here. The Director of the Bureau of Prisons has not moved on Lopez's behalf, and more than a year has passed between Lopez's sentencing and this application for a downward departure.

Accordingly, I lack authority to reduce the sentence imposed. I retain jurisdiction over Lopez's habeas petition, and a decision will issue after the petition is fully briefed.

SO ORDERED.

Dated: August 2, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

---

[1] Rule 35 provides, in relevant part, that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."